UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONDA BAILEY,

    Plaintiff,

vs.

ROBERT RUEHLMAN, *et al.*,

    Defendants.

Case No. 3:16-cv-5

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED WITH PREJUDICE IN PART; (2) ALL CLAIMS AGAINST DEFENDANT RUEHLMAN BE DISMISSED WITH PREJUDICE; (3) SERVICE AGAINST DEFENDANT RUEHLMAN NOT ISSUE; AND (3) SERVICE AGAINST THE REMAINING DEFENDANTS ISSUE**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Ronda Bailey ("Bailey").  Bailey filed a motion for leave to proceed *in forma pauperis* ("IFP") on January 5, 2016.  Doc. 1.  The Court granted Bailey's motion to proceed IFP, but held service of the complaint pending a review under § 1915(e)(2).  *See* Notation Order dated Jan. 8, 2016.  It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action.  *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  Upon

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

## II.

Bailey alleges that she attended a sentencing hearing for her brother Harry Bailey in the Hamilton County, Ohio Court of Common Pleas on March 4, 2014. Doc. 2 at PageID 42-43. Defendant Judge Robert Ruehlman of the Hamilton County Court of Common Pleas presided over Harry Bailey's trial and sentencing. *Id*. at PageID 43. Defendant Leah Dinkelacker[2] was the Assistant Hamilton County Prosecutor who prosecuted Harry Bailey. *Id*. After the sentencing hearing, Bailey exited the courtroom and, while getting on the elevators in the courthouse, stated, aloud -- while admittedly using profanity -- that she hoped the police would catch the person who committed the crime for which her brother had been convicted and sentenced. *Id*.

After making that statement, Bailey alleges she was detained by unknown police officers to be brought before Judge Ruehlman. *Id*. at PageID 45. Bailey further alleges that Prosecutor Dinkelacker "shoved" her and also "grabbed [her] and forced and dragged her back into the" courtroom. *Id*. at PageID 45, 60. After Dinkelacker and the unidentified police officers informed Judge Ruehlman about Plaintiff's statements in the hallway, Judge Ruehlman called Bailey and her brother "animals," and sentenced her to a 30 day jail term for contempt. Doc. 3-1 at PageID 65-66.

Bailey now brings suit in this Court against Ruehlman, Dinkelacker, and unidentified Hamilton County police officers alleging claims under 42 U.S.C. § 1983 as a result of alleged civil rights deprivations. Doc. 2 at PageID 48-54. Bailey also asserts a number of state law claims against Defendants, including, *inter alia*, claims for false imprisonment, negligence, and negligent supervision. *Id*. at PageID 55-61. Although not specifically named as a party in the

---

[2] The Court notes that Bailey misspelled Dinkelacker's name in the caption of the complaint.

caption of the complaint, *pro se* Plaintiff appears to assert claims against Hamilton County. *Id*. While the undersigned concludes that Hamilton County has not been properly named as a party to this action -- *see* Fed. R. Civ. P 10(a) (stating that "[t]he title of the complaint must name all the parties"; *see also Bakari v. May*, No. 3:10-cv-250, 2011 WL 1743728, at *1 n. 1 (S.D. Ohio May 6, 2011) (stating that "a party that is not named in the caption of . . . [a] complaint is not a party to the action") -- the undersigned nonetheless now addresses such claims.

### III.

In conducting this initial review under 28 U.S.C. § 1915, the Court has liberally construed the aforementioned allegations in addressing the claims against each Defendant. The Court initially recommends dismissal of all claims insofar as Bailey seeks to assert constitutional injuries arising from the arrest and conviction of her brother. "[P]laintiffs may only recover for deprivations of their own constitutional rights; not the rights of another[.]" *Bakari v. May*, No. 3:10-CV-250, 2011 WL 1743728, at *5 (S.D. Ohio May 6, 2011) (quoting *Trejo v. Wattles*, 636 F. Supp. 992, 996 (D. Colo. 1985)); *see also Jenkins v. Carruth*, 583 F. Supp. 613, 616 (E.D. Tenn. 1982) *aff'd*, 734 F.2d 14 (6th Cir. 1984) (stating that "one person may not sue, nor recover damages, for the deprivation of another person's civil rights"). To the extent Bailey's complaint can be read to assert claims based upon her brother's deprivation of constitutional rights, any such claims should be dismissed as frivolous.

  **A.**  **All Claims Asserted Against Judge Ruehlman**

With regard to the federal § 1983 claims alleged against Judge Ruehlman, the Court concludes that, insofar as Bailey asserts such claims against Judge Ruehlman in his official capacity, those claims are barred by the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997). Insofar as Plaintiff asserts § 1983 claims against Judge Ruehlman

4

in his individual capacity, the Court notes that judicial officers are absolutely immune from damages in civil actions when sued in their personal capacity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Such immunity applies not only to § 1983 claims, but state law claims as well. *See Kelly v. Whiting*, 477 N.E.2d 1123, 1127 (Ohio 1985) (holding, with regard to "common law tort actions[,]" that "a judge is immune from civil liability for actions taken in his judicial capacity when jurisdiction is proper").

Judicial immunity may be overcome only when the conduct alleged is: (1) performed at a time when the defendant is not acting as a judge; or (2) taken in complete absence of all jurisdiction. *Barnes,* 105 F.3d at 1116. The scope of the judge's jurisdiction is to be broadly construed and a judge's immunity will not be defeated because the action he took was in error, done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 356-57; *see also Sevier v. Turner*, 742 F. 2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, the conduct forming the basis of Bailey's § 1983 claims against Ruehlman were all performed at the time he was acting as a judge, and there are no allegations that he acted in the complete absence of jurisdiction. Accordingly, Judge Ruehlman is immune from all of Bailey's claims pled against him.

**B.     All Claims Asserted Against Hamilton County**

With regard to the § 1983 claims asserted against Hamilton County, the undersigned notes that, because the County is a government entity -- as opposed to an individual state actor -- it "may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability." *Harris v. Jan*, No. 3:05CV7370, 2005 WL

3483551, at *2 (N.D. Ohio Dec. 15, 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Instead, government entities are only liable under § 1983 when a constitutional injury results from "execution of a government's policy or custom[.]"  *Id.* (citation omitted).  Here, "[t]he complaint contains no suggestion of a custom or policy of the . . . County . . . which may have resulted in the deprivation of a federally protected right of the plaintiff."  *Id.*  Accordingly, insofar as Bailey's complaint can be read to assert §1983 claims against Hamilton County, such claims merit dismissal.

With regard to Bailey's state law claims, pursuant to Ohio Rev. Code § 2744.02(A)(1), "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."  This general grant of immunity is subject to limited exceptions, none of which Plaintiff seeks to invoke in this case, and none of which the Court finds applicable.  *See* Ohio Rev. Code § 2744.02(B).  Accordingly, Bailey's state law claims against Hamilton County should likewise be dismissed.  *See Morrison v. Bd. of Trustees of Green Twp.*, 529 F. Supp. 2d 807, 834 (S.D. Ohio 2007) (finding the immunity set forth in Ohio Rev. Code § 2744.02(A)(1) bars state law claims -- including assault, false arrest, false imprisonment, civil conspiracy, negligence, and negligent supervision -- pled against an Ohio political subdivision).

C.  **Federal Claims Against Prosecutor Dinkelacker**

To the extent that Bailey asserts § 1983 claims against Dinkelacker in her official capacity, such claims are barred by the Eleventh Amendment.  *See Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993).  Insofar as Bailey asserts § 1983 claims against Dinkelacker in her individual capacity, the Court notes that prosecutors enjoy "absolute immunity from

§ 1983 suits for damages when he [or she] acts within the scope of his [or her] prosecutorial duties." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)). Accordingly, Dinkelacker is immune from suit for any actions taken within the scope of her duties as a prosecutor. However, "[a]bsolute immunity does not shield a prosecutor from assaultive behavior toward a litigant because conduct of that nature cannot fairly be considered as part of the prosecutorial function or properly characterized as a feature of the role of an advocate." *Donkers v. Camargo*, No. 07-11220, 2008 WL 297079, at *5 (E.D. Mich. Jan. 25, 2008); *see also Rouse v. Powlde*, No. 5:07CV-P183-R, 2009 WL 3172130, at *4 (W.D. Ky. Sept. 28, 2009) *aff'd sub nom. Rouse v. Stacy*, 478 F. App'x 945 (6th Cir. 2012).

Accordingly, upon initial review, the undersigned concludes that Bailey's § 1983 claims against Prosecutor Dinkelacker -- arising from her alleged shoving, grabbing, dragging and forcing Bailey into the courtroom -- are not subject to dismissal as frivolous. Bailey also asserts state law claims against Dinkelacker, *see* doc. 2 at PageID 55-61, which the undersigned addresses below.

      D.      **Federal Claims Against the Unknown Police Officer**

The undersigned finds that the § 1983 claims asserted against the Unknown Police Officer are not frivolous on the face of the allegations and, therefore, not subject to dismissal upon initial review. The Court will address the state law claims asserted against the Unknown Police Officer below.

      E.      **State Law Claims Against Dinkelacker and the Unknown Police Officer**

Finally, the undersigned addresses Bailey's state law claims against Dinkelacker and the Unknown Police Officer asserting causes of action for: (1) false imprisonment; (2) assault; (3) defamation and a conspiracy to defame; (4) conversion; (5) negligent supervision, and

(6) negligence. Doc. 2 at PageID 55-61. Even assuming, *arguendo*, that Defendants are not immune -- either by virtue of judicial immunity, prosecutorial immunity, qualified immunity or under Ohio Rev. Code § 2744.03 -- all but the assault claims asserted against the Unknown Police Officer should be dismissed as either barred by the applicable statute of limitations, or for failure to plead sufficient facts.

Bailey's false imprisonment claim, in which she alleges that she was detained "for a period of close to thirty minutes" on March 4, 2014, *see id*. at PageID 43, 55, is barred by the applicable one-year statute of limitations. *See* Ohio Rev. Code § 2305.11(a) (stating that "[a]n action for . . . false imprisonment . . . shall be commenced within one year after the cause of action accrued").

Bailey's assault claim against Dinkelacker is also barred by the applicable one-year statute of limitations. *See* Ohio Rev. Code § 2305.111(B)(1) (stating that "an action for assault or battery shall be brought within one year after the cause of the action accrues"). This claim against Dinkelacker should thus be dismissed as frivolous. The undersigned recommends that such claim not be dismissed as asserted against the Unnamed Police Officer because the Court cannot determine from the pleadings when the limitations period accrued. *See id*. (stating that an assault and battery claim may not accrue until a plaintiff knows or should have known "the identity of the person who allegedly committed the assault or battery").

Bailey also alleges a conspiracy to defame her, which she appears to base solely upon statements made by Dinkelacker and the Unknown Police Officer to Judge Ruehlman in court on March 4, 2014, and which concern her alleged conduct in the elevator after exiting her brother's sentencing hearing. *See* doc. 2 at PageID 45. Such claims are time-barred by Ohio's one-year limitations period. *See* Ohio Rev. Code § 2305.11(A); *see also West v. Kysela*, No. 75594, 2000

WL 23083, at *5 (Ohio Ct. App. Jan. 13, 2000) (stating that claims for defamation are subject to the one-year limitations period in Ohio Rev. Code § 2305.11(A), and that plaintiff "cannot circumvent the statute of limitations period by labeling her claim as a conspiracy to commit defamation" because "the applicable statute of limitations for the underlying cause of actions applies to the civil conspiracy charge"). Further, even assuming, *arguendo*, that such claims are not time-barred, Defendants have an absolute privilege to make statements in court in conjunction with judicial proceedings. *See Fryer v. Middleton*, No. 1:11-CV-662, 2012 WL 1831869, at *4 (S.D. Ohio May 18, 2012) (stating that "Ohio courts have long-established that 'absolute privilege bars a defamation claim in connection with a judicial proceeding under certain circumstances'").

Bailey's conversion claim, which she premises on the seizure of her person by law enforcement -- as well the seizure of her brother, whom she describes as her "personalty" in relation to his criminal proceedings -- fails to state a claim under Ohio law because, *inter alia*, she alleges no facts concerning the taking of any personal property. *Ohio Tel. Equip. & Sales, Inc. v. Hadler Realty Co.*, 493 N.E.2d 289, 292 (Ohio Ct. App. 1985) (stating that "conversion is recognized as any exercise of dominion or control wrongfully exerted over the *personal property* of another in denial of or under a claim inconsistent with his [or her] rights").

Plaintiff's negligent supervision claims also fail because there are no factual allegations regarding any employment relationship or other required elements of such a claim. *See Estate of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 929 (6th Cir. 2013). Finally, insofar as Bailey purports to assert a claim of negligence against Defendants, that claim must be dismissed because all of the specific factual allegations in the complaint -- aside Plaintiff's from conclusory allegations of negligent supervision -- assert intentional conduct.

## VII.

For the foregoing reasons, the Court **RECOMMENDS** that Bailey's complaint (doc. 2) be **DISMISSED** in its entirety with the **EXCEPTION** of the following claims:

(1) Plaintiff's § 1983 claim(s) against Prosecutor Dinkelacker concerning Dinkelacker's alleged shoving, grabbing, and/or dragging of Plaintiff;

(2) Plaintiff's § 1983 claim(s) against the Unknown Police Officer(s); and

(3) Plaintiff's state law assault claim(s) against the Unknown Police Officer(s).

Date: February 9, 2016              *s/ Michael J. Newman*
                                    Michael J. Newman
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).