UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Ronda Bailey,**

    *Plaintiff,*

                                                                       **Case No. 3:16-cv-005**

v.                                                                   **Judge Thomas M. Rose**

**Robert Ruehlman, et al.,**

    *Defendants.*

---

**DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE NEWMAN (DOC. 4) THAT: (1) PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED WITH PREJUDICE IN PART; (2) ALL CLAIMS AGAINST DEFENDANT RUEHLMAN BE DISMISSED WITH PREJUDICE; (3) SERVICE AGAINST DEFENDANT RUEHLMAN NOT ISSUE; AND (4) SERVICE AGAINST THE REMAINING DEFENDANTS ISSUE OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS, (DOC. 5), DISMISSING COMPLAINT, (DOC. 2), EXCEPT FOR (1) PLAINTIFF'S § 1983 CLAIM(S) AGAINST PROSECUTOR DINKELACKER CONCERNING DINKELACKER'S ALLEGED SHOVING, GRABBING, AND/OR DRAGGING OF PLAINTIFF; (2) PLAINTIFF'S § 1983 CLAIM(S) AGAINST THE UNKNOWN POLICE OFFICER(S); AND (3) PLAINTIFF'S STATE LAW ASSAULT CLAIM(S) AGAINST THE UNKNOWN POLICE OFFICER(S).**

---

Pending before the Court are Plaintiff Ronda Bailey's Objections to the Magistrate's Report and Recommendations. (Doc. 5). The Report and Recommendations of United States Magistrate Judge Michael J. Newman, (Doc. 4), recommends that all claims asserted against Defendant Judge Ruehlman are barred by judicial immunity that all claims asserted against Hamilton County are barred as well, that, as regards the federal claims, Defendant County

Prosecutor Dinkelacker is immune from suit for any actions taken within the scope of her duties as a prosecutor, that, as regards Plaintiff's state law claims for: (1) false imprisonment; (2) assault; (3) defamation and a conspiracy to defame; (4) conversion; (5) negligent supervision, and (6) negligence, Dinkelacker and the Unknown Police Officer are immune--either by virtue of judicial immunity, prosecutorial immunity, qualified immunity or under Ohio Rev. Code § 2744.03.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said review, the Court finds that Plaintiff's objections, (Doc. 5), to the Magistrate Judge's Report and Recommendations, (Doc. 3), are not well taken and they are hereby **OVERRULED**. Wherefore, the Court **DISMISSES** the claims in Plaintiff's Complaint (Doc. 2) except for (1) Plaintiff's § 1983 claim(s) against Prosecutor Dinkelacker concerning Dinkelacker's alleged shoving, grabbing, and/or dragging of Plaintiff; (2) Plaintiff's § 1983 claim(s) against the Unknown Police Officer(s); and (3) Plaintiff's state law assault claim(s) against the Unknown Police Officer(s). Thus, Plaintiff's complaint (Doc. 2) is **DISMISSED WITH PREJUDICE IN PART**; all claims against Defendant Ruehlman are **DISMISSED WITH PREJUDICE**; service against Defendant Ruehlman **WILL NOT ISSUE**; and service against the remaining defendants **WILL ISSUE**.

**DONE** and **ORDERED** this Wednesday, June 8, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE