UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONDA BAILEY,

    Plaintiff,                                        Case No. 3:16-cv-5

vs.

ROBERT RUEHLMAN, *et al.*,             District Judge Thomas M. Rose
                                                           Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT DINKELACKER'S MOTION TO DISMISS (DOC. 10) BE GRANTED AND THIS CASE BE CLOSED ON THE COURT'S DOCKET; OR, ALTERNATIVELY (2) *PRO SE* PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED FOR FAILURE TO PROSECUTE AND THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This civil case is before the Court on Defendant Leah Dinkelacker's motion to dismiss *pro se* Plaintiff's complaint for failure of service of process.[2] Doc. 10. *Pro se* Plaintiff did not file a memorandum in opposition to Defendant Dinkelacker's motion and the time for doing so has expired. Because *pro se* Plaintiff did not file a memorandum in opposition, the undersigned issued an Order to Show Cause on August 24, 2016 directing *pro se* Plaintiff to show cause as to why Defendant Dinkelacker's motion should not be granted for the reasons set forth therein. Doc. 13. *Pro se* Plaintiff failed to respond and show cause as ordered. The Court has carefully reviewed Defendant's motion and it is now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] *Pro se* Plaintiff's complaint also remains pending against unknown police officers. The undersigned, *sua sponte*, addresses the claims regarding these unknown defendants *infra*.

I.

Plaintiff initiated this case by moving for leave to proceed *in forma pauperis* ("IFP") on January 5, 2016. Doc. 1. The Court immediately granted Plaintiff's IFP motion, but held service pending an initial review under 28 U.S.C. § 1915. *See* Notation Order (Jan. 8, 2016). Subsequently, the undersigned recommended that *pro se* Plaintiff's complaint be dismissed in part, but that all claims asserted against Defendant Dinkalacker and unknown police officers remain pending. Doc. 4. Judge Rose adopted the undersigned's Report and Recommendations on June 9, 2016 and ordered that service of process issue at that time. Doc. 6.

The summons form completed by *pro se* Plaintiff and issued by the Clerk of Courts directed the United States Marshal to serve Dinkelacker, a Hamilton County, Ohio Assistant Prosecuting Attorney, at 1000 Main Street, Cincinnati, Ohio 45202. Doc. 8. Notably, the record reveals no efforts to serve the unknown officers. The summons directed to Dinkelacker was returned showing service was completed by certified mail upon an unknown individual located at 1000 Main Street, Cincinnati, Ohio on June 29, 2016. *Id*. The undersigned takes judicial notice of the fact that the Hamilton County Courthouse is located at 1000 Main Street, Cincinnati, Ohio 45202; whereas the Hamilton County Prosecutor's Office is located at 230 East Ninth Street, Cincinnati, Ohio 45202. *See* Fed. R. Evid. 201 (stating that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Myers Investigative & Sec. Servs., Inc. v. United States*, 47 Fed. Cl. 288, 297 (2000) (holding that "[i]nformation concerning all the addresses of . . . [government] buildings located in Ohio is the type of fact of which the court may take judicial notice").

Defendant Dinkelacker now moves to dismiss the complaint on the basis that she was not served within the 90 day time period required by Fed. R. Civ. P. 4(m). Doc. 10. It appearing that *pro se* Plaintiff has undertaken no efforts to identify and/or serve the unknown officer Defendants, the undersigned also considers, *sua sponte*, whether dismissal of claims against the unknown officers must be dismissed pursuant to Fed. R. Civ. P. 4(m).

## II.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

In this case, *pro se* Plaintiff attempted to serve Dinkelacker at the Hamilton County Courthouse, presumably under the assumption that the Courthouse is Defendant Dinkelacker's place of employment. Even assuming, *arguendo*, that the Hamilton County Courthouse is Dinkelacker's place of employment, "delivery on an employer does not constitute proper service on the employee who has been sued in [her] individual capacity." *Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) (citation omitted); *see also Thompson v. Kerr*, 555 F. Supp. 1090, 1093

(S.D. Ohio 1982) (holding that "Federal Rule 4(d)(1) requires that service upon individuals be made to the individual personally, at his [or her] dwelling house, or through his [or her] authorized agent"; and that "the requirements of Rule 4(d)(1) are not satisfied by service upon a defendant's place of work or business").

Further, while Fed. R. Civ. P. 4 permits individual service as permitted by Ohio state law, Ohio courts similarly find service improper where plaintiffs attempt to serve employees at an employer's premises where the employee did not maintain an office or regularly visit. *Bell v. Midwestern Educ. Serv., Inc.*, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993). In fact, the Court in *Bell* held that, "in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Id*.

Here, *pro se* Plaintiff -- whose burden it is to demonstrate proper service, *see Byrd*, *supra* -- fails to show that service at the Hamilton County Courthouse is proper service upon Dinkelacker. Accordingly, the undersigned concludes that Dinkelacker was not properly served within the 90 day time period required by Rule 4(m), and claims asserted against her must be dismissed under Rule 4(m). *See Cap City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2015 WL 7179663, at *2-3 (S.D. Ohio Nov. 16, 2015).

While the Court would typically consider extending the period for service of process for *pro se* parties, the undersigned notes that *pro se* Plaintiff (1) never moved for an extension of time to serve Defendants, (2) failed to respond to Dinkelacker's motion to dismiss, and 93) further failed to respond to the Court's Order to Show Cause. Accordingly, finding an extension of time to perfect service of process unwarranted under the facts of this case, the undersigned concludes that the complaint must be dismissed against Dinkelacker pursuant to Fed. R. Civ. P.

4(m).  In addition, the undersigned finds that the remaining claims against the unknown officers must also be dismissed for the same reason.  *Humes v. City of Blue Ash*, No. 1:12-CV-960, 2013 WL 5934429, at *3 (S.D. Ohio Oct. 31, 2013) (stating that "[t]here is abundant authority supporting the dismissal of John Doe defendants when a plaintiff has failed to effect service of process on them within the [time] required by Rule 4(m)").[3]

Alternatively, the undersigned finds that *pro se* Plaintiff -- by failing to oppose Defendant Dinkelacker's motion to dismiss, and by failing to respond to the Court's Order to Show Cause (doc. 13) -- has failed to prosecute this action.  These failures justify dismissal of this case for her lack of prosecution.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).  Although Plaintiff is proceeding *pro se* in this case, the Court is mindful that "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113 (1993).  Accordingly, the undersigned finds that dismissal is warranted on lack-of-prosecution grounds.

### III.

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss (doc. 10) be **GRANTED**, that *pro se* Plaintiff's complaint be dismissed in its entirety for failure of service of process, and that this case be **CLOSED** on the Court's docket.  Alternatively, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to prosecute and **CLOSED** on the Court's docket.

Date:   October 4, 2016                                  *s/ Michael J. Newman*
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge

---

[3] The undersigned concludes that Dinkelacker's motion to dismiss provided *pro se* Plaintiff sufficient notice of her failure to serve all Defendants within the time required by Rule 4(m).

5

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).